**Opinion filed January 13, 2011**



# In The

# Eleventh Court of Appeals

_____

## No. 11-09-00181-CR
_____

## JESSE RAY STEWART, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law**

**Brown County, Texas**

**Trial Court Cause No. 0700744**

## M E M O R A N D U M   O P I N I O N

The jury convicted Jesse Ray Stewart of assault involving family violence, and the trial court assessed his punishment at confinement in the Brown County Jail for 120 days. We affirm.

In his sole issue on appeal, appellant challenges only the factual sufficiency of the evidence to support his conviction. We note at the outset of our analysis that the Texas Court of Criminal Appeals has now held in *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010), that there is "no meaningful distinction between the *Jackson v. Virginia*[1] legal-sufficiency standard

_____

[1]*Jackson v. Virginia*, 443 U.S. 307 (1979).

and the *Clewis*[2] factual-sufficiency standard"; that the *Jackson v. Virginia* standard is the "only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt"; and that "[a]ll other cases to the contrary, including *Clewis*, are overruled." *Brooks*, 323 S.W.3d at 895, 902, 912 (footnotes added). Accordingly, a challenge to the factual sufficiency of the evidence is no longer viable. We also note that appellant did not have the benefit of the opinion in *Brooks* when this case was briefed. We will review appellant's factual sufficiency challenge under the legal sufficiency standard set forth in *Jackson v. Virginia*. Under this standard, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307; *Brooks*, 323 S.W.3d at 899.

In conducting a legal sufficiency review, we are required to defer to the jury's role as the sole judge of witness credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. Appellant acknowledges that there is evidence supporting the jury's verdict. He summarizes this evidence as follows:

> Officer Trey Weatherman, an officer with the City of Brownwood Police Department, was called as the State's first witness. He testified that on June 23, 2007 at approximately 10:15 a.m. he was dispatched to a domestic disturbance in the City of Brownwood. As he arrived at the residence he saw Sylvia McClung step out of the doorway and Appellant step out behind her. Officer Weatherman testified that Sylvia McClung turned around and Appellant shoved her in her upper chest region knocking her to the ground. He immediately exited his patrol car and placed Appellant under arrest and placed him in the rear seat of his patrol vehicle. Officer Weatherman testified that Sylvia McClung was crying and that he noticed an abrasion on her right forearm which he described as "a good scratch". He agreed that it was "like a scrape". He stated that the abrasion appeared to be fresh.

(Record references omitted). Appellant bases his evidentiary challenge on testimony indicating that McClung, the alleged victim of the offense, denied suffering any harm or pain as a result of appellant's actions and that she provided an alternate explanation for the scrape on her arm. To the extent that McClung may have given contradictory testimony, it was within the jury's province to resolve any inconsistencies in the evidence. We conclude that a rational jury could

---

[2]*Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996).

have determined beyond a reasonable doubt that appellant committed an assault involving family violence. Appellant's sole issue is overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.


TERRY McCALL

JUSTICE


January 13, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

3